# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 24-1659-V**

* * * * * * * * * * * * * * * * * * * * * * * * *
KELLY ZRIMSEK, *
*
Petitioner, *
*
v. *
*
SECRETARY OF HEALTH AND *
HUMAN SERVICES, *
*
Respondent. *
*
* * * * * * * * * * * * * * * * * * * * * * * * *

Filed: October 9, 2026

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Sarah B. Rifkin*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 15, 2024, Kelly Zrimsek filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 et seq. (Vaccine Act). Petitioner alleges that she suffered Chronic Regional Pain Syndrome after receiving an influenza vaccine in her left deltoid on October 15, 2021. *See generally* Petition at 1.

On September 8, 2025, Respondent filed a Rule 4(c) Report conceding that Petitioner is entitled to a vaccine award. Rule 4(c) Report, dated Sep. 8, 2025, (ECF No. 20) at 14. I subsequently issued a ruling, dated September 23, 2025, finding entitlement in favor of the Petitioner, in view of Respondent's concession and based on my review of record. ECF No. 21.

On October 8, 2026, Respondent filed a proffer proposing an award of compensation, and to which Petitioner agrees. *See generally* ECF No. 41. I have reviewed the file, and based upon

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

that review I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum payment of $149,403.79, representing compensation for life care expenses expected to be incurred during the first year after judgment ($699.78), pain and suffering ($145,000.00), and past unreimbursable expenses ($3,704.01) made payable through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Kelly Zrimsek; and

- An amount sufficient to purchase the annuity contract described in Proffer section II.B.

Proffer at Section II.

These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| KELLY ZRIMSEK,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 24-1659V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**[1]

On October 15, 2024, Kelly Zrimsek ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"). ECF No. 1. Petitioner alleged that her receipt of an influenza ("flu") vaccination on October 15, 2021, caused her to suffer chronic regional pain syndrome ("CRPS"). *Id.* at 1-2.

On September 8, 2025, respondent filed his Rule 4(c) report conceding that petitioner is entitled to compensation in this case. ECF No. 20. Thereafter, on September 23, 2025, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation. ECF No. 21.

I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A. Life Care Items

Respondent engaged life care planner Linda Curtis RN, MS, CCM, CNLCP, to provide an estimation of petitioner's future vaccine-injury related needs.[2] All items of compensation identified in respondent's life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Kelly Zrimsek, attached hereto as Tab A. Respondent proffers that petitioner should be awarded **all items of compensation set forth in respondent's life care plan and illustrated by the chart attached at Tab A**.[3] Petitioner agrees.

B. Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded **$145,000.00 in actual and projected pain and suffering**. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

C. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded **past unreimbursable expenses in the amount of $3,704.01.** *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

---

[2] The scope of damages to be awarded is limited to petitioner's CRPS and its related sequelae only. For the purposes of this proffer, "related" damages are as described in Respondent's Rule 4(c) report. *See* ECF No. 20 at 14.

[3] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. Form of the Award

The parties recommend that compensation provided to petitioner should be made through a combination of a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[4]

A. A lump sum payment of **$149,403.79**, representing compensation for life care expenses expected to be incurred during the first year after judgment ($699.78); pain and suffering ($145,000.00); and past unreimbursable expenses ($3,704.01), made payable through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Kelly Zrimsek; and

B. An amount sufficient to purchase an annuity contract,[5] subject to the conditions

---

[4] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[5] At respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

described below that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[6] from which the annuity will be purchased.[7] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Kelly Zrimsek, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items as designated in the chart at Tab A. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow at four percent (4%) or five percent

---

[6] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[7] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

(5%), as indicated in the chart at Tab A, compounded annually from the date of judgment. Petitioner agrees.

2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Kelly Zrimsek, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Kelly Zrimsek's death.

3. Guardianship

Petitioner is a competent adult. Proof of guardianship is not required in this case.

III. Summary of Recommended Payments Following Judgment

A. Lump Sum to petitioner, Kelly Zrimsek, via ACH deposit: **$149,403.79**;

B. An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

/s Sarah B. Rifkin
SARAH B. RIFKIN
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division
P.O. Box 146, Benjamin Franklin Station
Washington D.C. 20044-1046
Tel: (202) 305-5997
E-mail: Sarah.Rifkin@usdoj.gov

DATED: October 8, 2026

CERTIFICATE OF SERVICE

I certify that today, October 8, 2026, a copy of the foregoing pleading and attached Appendix were served by electronic mail to attorney Ronald C. Homer at rhomer@ccandh.com .

s/ Sarah Black Rifkin

**Appendix A: Items of Compensation for Kelly Zrimsek**



| ITEMS OF COMPENSATION | G.R. | * | | Lump Sum Compensation Year 1 | Compensation Years 2-29 | Compensation Year 30 | Compensation Year 31-Life |
|---|---|---|---|---|---|---|---|
| | | | | 2026 | 2027-2054 | 2055 | 2056-Life |
| Medicare Part B Deductible | 5% | | | | | 283.00 | 283.00 |
| Evaluation | 4% | * | | 200.00 | 200.00 | 40.00 | 40.00 |
| Neurology | 5% | * | | 291.60 | 291.60 | 58.32 | |
| Absorbine | 4% | | | 31.98 | 31.98 | 31.98 | 31.98 |
| Penetrex Joint & Muscle Cream | 4% | | | 136.74 | 136.74 | 136.74 | 136.74 |
| Excedrin | 4% | | | 39.46 | 39.46 | 39.46 | 39.46 |
| Pain and Suffering | | | | 145,000.00 | | | |
| Past Unreimbursable Expenses | | | | 3,704.01 | | | |
| Annual Totals | | | | 149,403.79 | 699.78 | 589.50 | 531.18 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($699.78), pain and suffering ($145,000.00), and past unreimbursable expenses ($3,704.01): $149,403.79.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.